UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Maddisun Barrows

    v.                                              Civil No. 19-cv-1048-LM
                                                Opinion No. 2020 DNH 012
The State Employees' Association
of New Hampshire et al.

## **O R D E R**

Maddisun Barrows brings this action against The State Employees' Association of New Hampshire, Inc. ("SEA") and Richard Gulla.  Against SEA, Barrows asserts a state law claim for wrongful discharge and federal and state law claims for gender discrimination and sexual harassment.  Against Gulla, she asserts federal and state law claims for discrimination and harassment under an "aiding and abetting" theory; that is, she alleges that Gulla aided and abetted SEA's acts of discrimination.  Currently before the court is defendants' motion to dismiss Barrows's state-law discrimination and harassment claims for failure to exhaust administrative remedies.

## **STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable

inferences in the plaintiff's favor, and determine whether the factual allegations in the complaint set forth a plausible claim upon which relief may be granted.  Medina-Velazquez v. Hernandez-Gregorat, 767 F.3d 103, 108 (1st Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A "plaintiff who does not plausibly allege that she successfully exhausted administrative remedies cannot state a claim under Title VII . . . and her claims [are] therefore . . . subject to dismissal pursuant to Rule 12(b)(6)." Harris v. Bd. of Trs. Univ. of Ala., 846 F. Supp. 2d 1223, 1237 (N.D. Ala. 2012); see also Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 46 n.6 (1st Cir. 2005).

## **FACTUAL ALLEGATIONS**

Barrows worked for SEA from approximately April 1, 2013, through June 16, 2017.  For all or much of that time, Gulla acted as both SEA's president and Barrows's ultimate supervisor.

According to Barrows, Gulla treated her and other female employees with severe and pervasive disrespect.  Barrows claims that from the earliest days of her employment through April 2017, Gulla engaged in numerous specific acts of gender

discrimination and/or sexual harassment.  These included
comparing her sexual attractiveness to that of another female
employee, indicating his desire to have sexual relations with
her, using inappropriate sexual innuendo in the workplace,
greeting female employees by making the sound of a dog barking,
and ignoring concerns raised by Barrows and other female
employees.  Indeed, Barrows alleges that "Gulla made so many
sexually inappropriate jokes and references to every female
person in the office, that it is impossible to identify all the
specific instances."  Doc. no. 1-1 at ¶ 12.

SEA terminated Barrows's employment effective June 16,
2017, for reasons unrelated to her gender.  Subsequently, on
November 21, 2017, Barrows filed a Charge of Discrimination
("Charge") with the New Hampshire Commission for Human Rights
(the "Commission") grieving the discriminatory and harassing
conduct she experienced while employed in the SEA workplace.[1]

After receiving a right-to-sue letter from the Commission,
Barrows filed this lawsuit against SEA and Gulla.  In relevant
part, Barrows asserts SEA's liability for gender discrimination,
sexual harassment, and hostile work environment under New

---

[1] In support of their motion to dismiss, defendants attach what they allege is a copy of Barrows's November 21, 2017 Charge of Discrimination.  Because the Charge is not material to the court's analysis, the court does not consider it here.

Hampshire's Law Against Discrimination, RSA 354-A, et seq. ("NHLAD"), and Gulla's liability under NHLAD for aiding and abetting SEA's discriminatory and/or harassing conduct.[2]

**DISCUSSION**

Before an aggrieved party may bring a claim under NHLAD, she must first timely file a complaint, or charge of discrimination, with the Commission. RSA 354-A:21(I)(a). To be timely, such a charge must be filed within 180 days after the last alleged act of discrimination. RSA 354-A:21(III); see also, e.g., Eldridge v. Rolling Green At Whip-Poor-Will Condo. Owners' Ass'n, 168 N.H. 87, 91 (2015). Absent a timely charge of discrimination, an NHLAD claim is time-barred. See Eldridge, 168 N.H. at 91, 93; see also Carney v. Town of Weare, Case No. 15-cv-291-LM, 2017 U.S. Dist. LEXIS 23790, at *17 (D.N.H. Feb. 21, 2017).

Defendants correctly assert that to fall within the 180-day time limit, Barrows must allege an act of discrimination and/or harassment that occurred on or after May 25, 2017. Defendants also correctly point out that the latest act alleged with

---

[2]Barrows additionally asserts parallel Title VII claims against SEA and Gulla arising out of the same conduct underlying her NHLAD claims, as well as SEA's liability under New Hampshire law for wrongful discharge. Barrows's Title VII and wrongful discharge claims are not within the scope of defendants' motion to dismiss.

4

specificity in Barrows's complaint occurred in April 2017. On this basis, defendants take the position that they are entitled to dismissal of Barrows's NHLAD claims on timeliness grounds.

"A plaintiff's failure to exhaust administrative remedies . . . is an affirmative defense." Carney, 2017 U.S. Dist. LEXIS, at *17 (citing McKinnon v. Kwong Wah Rest., 83 F.3d 498, 505-06 (1st Cir. 1996), Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam)). As such, failure to exhaust applicable administrative remedies "will support a motion to dismiss only where that failure is (1) definitively ascertainable from the complaint and other sources of information that are reviewable at this stage, and (2) the facts establish the affirmative defense with certitude." Id. at *17-18 (internal modifications, quotation marks omitted) (quoting Citibank Glob. Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009)).

At this early stage of the proceedings, the court cannot conclude that Barrows failed to exhaust her administrative remedies. First, construing Barrows's allegations in the light most favorable to her, a finder of fact could plausibly conclude that the discrimination and harassment she suffered were sufficiently severe and pervasive to have created a hostile work environment. See, e.g., Nieves-Borges v. El Conquistador P'ship, L.P., 936 F.3d 1, 10 (1st Cir. 2019). A hostile work

environment is the product of an accumulation of individual acts that, taken together, create the environment.  See id. at 8.  As Nieves-Borges teaches, so long as at least one of the individual acts comprising the hostile environment falls within the statutory period, the entire time period of the hostile work environment that Barrows experienced in the SEA workplace can be considered for purposes of determining defendants' liability.  See id.

Second, although Barrows has not expressly alleged any specific act of discrimination or harassment occurring within 180 days before the date she filed her Charge, she has expressly alleged that Gulla's discriminatory and harassing conduct occurred with such frequency that it is impossible for her to identify the specific instances with particularity.  Moreover, it is undisputed that Barrows continued working under Gulla's supervision through June 16, 2017, a date falling within the limitations period.  Construing Barrows's allegations in the light most favorable to her, they plausibly allege that one or more acts of discriminatory or harassing behavior could have occurred within 180 days before the date she filed her Charge.

Barrows's allegations are therefore sufficient at this early stage to survive dismissal on exhaustion grounds.  Carney, 2017 U.S. Dist. LEXIS, at *17-18 (quoting Citibank, 573 F.3d at 23) (holding that failure to exhaust administrative remedies

6

must be "definitively ascertainable" from the pleadings). Defendants' motion is therefore denied.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss (doc. no. 4) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 27, 2020

cc: Counsel of Record